07-4083-ag
Li v. Holder

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of October, two thousand ten.

PRESENT:
>        DENNIS JACOBS,
>             *Chief Judge*,
>        JON O. NEWMAN,
>        PIERRE N. LEVAL,
>             *Circuit Judges*.

_____

**QIU XIA LI v. HOLDER,**[1]                    **07-4083-ag**
**A077 293 487**

_____

**AI YUE YANG v. HOLDER,**                      **07-4385-ag**
**A077 121 754**

_____

**SHI YONG LIN, QING LIN**                      **07-5410-ag**
**v. HOLDER,**
**A073 181 133**
**A076 120 146**

_____

_____

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric. H. Holder, Jr., is automatically substituted where necessary.

_____

CHUN LIN LU v. HOLDER,                    08-0374-ag
A073 169 271

_____

FEI XUE CHENG v. HOLDER,                  08-0730-ag
A075 841 743

_____

XIA JUAN SUN v. HOLDER,                   08-0901-ag
A077 297 075

_____

SHAO CHENG HE v. HOLDER,                  08-0915-ag
A077 641 801

_____

YI XIONG ZHOU v. HOLDER,                  08-1528-ag
A072 486 769

_____

YAN QIN CHEN v. HOLDER,                   08-1702-ag
A077 309 082

_____

ZHIHUA OU v. HOLDER,                      08-1754-ag
A074 153 659

_____

LING ZHI LI v. HOLDER,                    08-2012-ag
A077 293 676

_____

RUI XIN LIN v. HOLDER,                    08-2195-ag
A029 793 718

_____

GUIYING CHEN v. HOLDER,                   08-2258-ag
A078 848 872

_____

05242010-1-20

_____

**YAO XIU ZHENG v. HOLDER,**                          **08-2435-ag**
**A073 638 337**
_____

**JIAN FENG LIN v. HOLDER,**                          **08-3775-ag**
**A073 626 247**
_____

**BAO HUA WANG, AKA AKIKO**                           **08-3808-ag**
**KURAHASHI v. HOLDER,**
**A073 874 040**
_____

**XIA CHEN v. HOLDER,**                               **08-6156-ag**
**A070 936 195**
_____

**CHANGXU JIANG v. HOLDER,**                          **09-1389-ag**
**A078 711 995**
_____

**HAI OU SUN v. HOLDER,**                             **09-3564-ag**
**A071 496 801**
_____

UPON DUE CONSIDERATION of these petitions for review of several Board of Immigration Appeals ("BIA") orders, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petitions for review are DENIED.

Each of these petitions challenges a decision of an immigration judge ("IJ") or the BIA denying a motion to reopen based on either the movant's failure to demonstrate changed country conditions sufficient to avoid the applicable time and

numerical limits or the movant's failure to demonstrate *prima facie* eligibility for the underlying relief sought. *See* 8 C.F.R. §§ 1003.2(c), 1003.23(b). We review the denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006).

Petitioners, all natives and citizens of China, filed motions to reopen based on their claim that they fear persecution because they have one or more children in violation of China's population control program. For largely the same reasons as this Court set forth in *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-72 (2d Cir. 2008), we find no error in the BIA's decisions.

Some of the petitioners[2] argue that they were eligible to file a successive asylum application based solely on their changed personal circumstances. That argument is foreclosed by our decision in *Yuen Jin v. Mukasey*, 538 F.3d 143, 156, 158-59 (2d Cir. 2008). Other petitioners[3] challenge the BIA's refusal to credit their unauthenticated evidence in light of

---

[2]The petitioners in *Qiu Xia Li v. Holder*, No. 07-4083-ag; *Shi Yong Lin, Qing Lin v. Holder*, No. 07-5410-ag; *Xia Juan Sun v. Holder*, No. 08-0901-ag; and *Zhihua Ou v. Holder*, No. 08-1754-ag.

[3]The petitioners in *Ai Yue Yang v. Holder*, No. 07-4385-ag; *Ling Zhi Li v. Holder*, No. 08-2012-ag; *Xia Chen v. Holder*, No. 08-6156-ag; and *Hai Ou Sun v. Holder*, No. 09-3564-ag.

an immigration judge's underlying adverse credibility determination. Again, applicable precedent is fatal to that argument. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146–47 (2d Cir. 2007) (relying on the doctrine *falsus in uno, falsus in omnibus* to conclude that the agency may decline to credit documentary evidence submitted with a motion to reopen by an alien who was found not credible in the underlying proceeding).

For the foregoing reasons, these petitions for review are DENIED. As we have completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DISMISSED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk